IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE BARSH, No. 34142-044, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-cv-475-DRH |
| ) | |
| JAMES CROSS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's application for writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the revocation of forty-one days of good conduct credits resulting from a March 19, 2010, finding that petitioner possessed a homemade weapon. Petitioner is currently serving a 120-month sentence after pleading guilty to possession with intent to distribute crack cocaine. He was convicted in the Eastern District of Missouri (*United States v. Barsh*, Case No. 07-cr-00122-HEA-1). In this action, he seeks restoration of his good conduct credit and expungement of the disciplinary ticket.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that further review of Petitioner's claims is appropriate.

## THE PETITION

On December 29, 2009, a random search of petitioner's cell turned up a homemade weapon (a sharpened metal object, approximately 7-1/2 inches long, with a rope and tape on one end). It was found concealed underneath the locker used by petitioner, arranged in such a way that it could be removed by pulling on the rope (Doc. 1, pp. 8-9, 16, 18). Petitioner shared the cell with one other inmate, and he implies that his cellmate had occupied the cell prior to petitioner being placed there. Petitioner states he had only recently been assigned to the cell before the discovery of the weapon. He also argues that because he is confined to a wheelchair, the area where the weapon was found was not readily accessible to him, nor was it visible without the use of tools such as a mirror or flashlight (Doc. 1, pp. 8-9, 12, 15). Petitioner also notes that the cell had not been searched to determine that it was free of contraband immediately prior to the time he was assigned there (Doc. 1, p. 13). Additionally, he claims that his cellmate had equal access to the area where the weapon was found, and that the cellmate had been

found guilty of possessing a weapon while housed at another institution (Doc. 1, pp. 8, 15).

At his disciplinary hearing, petitioner denied any knowledge of the weapon, but was found guilty of possession. In addition to losing forty-one days of good conduct credit, he was given thirty days of disciplinary segregation and ninety days loss of commissary, visiting, and telephone privileges.

## ANALYSIS

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72; s*ee also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

In this case, petitioner was charged with a violation of Code 104, "Possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition." 28 C.F.R. § 541.13, Table 3. At issue in this case is the definition of possession: is it *knowing* possession, *negligent* possession, or just plain "possession"? After a hearing, the Disciplinary Hearing Officer (DHO) found petitioner guilty "[b]ased on

the greater weight of the evidence" (Doc. 1, p. 16). The listed evidence consisted of the reporting staff member's statement that he "recovered a sharpened metal homemade weapon . . . under the locker of inmate Barsh" and a photograph of the weapon (Doc. 1, p. 16). Petitioner stated in the hearing that he was "Not guilty." *Id.* Petitioner's cellmate was not charged or investigated in connection with the weapon (Doc. 1, p. 9).

The DHO's finding appears to have been based on the fact that the weapon was found under the locker "assigned" to petitioner. Petitioner argues that the locker was never "assigned" to him, but does not deny that he used the locker in question. In the Regional Director's response to petitioner's Administrative Remedy Appeal, he stated, "The weapon was found underneath your assigned locker. You are responsible for ensuring this area is free of contraband." (Doc. 1, p. 14). Likewise, the final response to petitioner's appeal noted that "Program Statement 5270.08 allocates to inmates the responsibility to keep their area free of contraband" (Doc. 1, p. 11).

Petitioner argues that this strict liability standard is contrary to the requirements of due process, citing a 2005 decision of this Court which restored good conduct credits where the only evidence of guilt was that concealed weapons were found behind a sink in a cell shared by four inmates. *Clark v. Veltri*, 2005 WL 1719966 *2-4 (S.D. Ill. July 25, 2005). As in that case, petitioner points out that no nexus between himself and the weapon was ever established, and claims that he had resided in the cell for a relatively short time. He additionally asserts

that he was not able to access the area where the weapon was found due to his physical limitations.

A response shall be ordered so that petitioner's argument may receive further consideration.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** February 21, 2012

David R. Herndon
2012.02.21
15:08:12 -06'00'

**Chief Judge**
**United States District Court**